**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: March 28 2007**

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 06-30854 |
| | ) | |
| Percy J. Downour and | ) | Chapter 7 |
| Sharon L. Downour, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION

The court held a hearing on March 27, 2007, on the Chapter 7 Trustee's Motion to Sell Property Free and Clear of Liens ("Motion") [Doc. # 45]. Countrywide Home Loans, Inc. objects to the Motion, asserting that it has a first mortgage lien on the property, and that the Trustee's proposed gross sale price of $105,000 is insufficient given the note it holds from Debtors in the original sum of $190,800.00 on a loan extended in April, 2005. [*See* Doc. #13, Ex. C].

There are two adjacent parcels of real estate owned by Debtors with the same address., 3434 Walbridge Road, Millbury, Wood County, Ohio 43447-9741. The Trustee proposes to sell one of them, which has a residence on it that has been vacant since August 2006. Countrywide claims that its note is secured by both parcels. The Trustee does not dispute that Countrywide's mortgage attached to one of the parcels of unimproved land and does not propose in the Motion to sell that parcel because Countrywide's consent to do so has not been forthcoming. The Trustee does dispute that Countrywide's mortgage lien attached to the parcel with the residence on it that he now proposes to sell. The factual basis for the dispute is that Countrywide's mortgage does not contain the legal description for the parcel the Trustee proposes

to sell, just the legal description for the vacant parcel he does not propose to sell. The Trustee argues that this is insufficient to identify the property under Ohio law and that the mortgage is thus did not attach to the parcel he proposes to sell and is invalid thereto. Countrywide counters that its mortgage does not have to include the legal description to attach to the parcel the Trustee proposes to sell, as constructive notice of its claimed interest exists through the auditor's parcel ID number and the property address sufficient to identify the encumbered real estate through the public record under Ohio law. The lawyers admit that there does not appear to be any definitive case in point on this issue.

Section 363(f)(4) of the Bankruptcy Code authorizes a trustee to sell property of the estate not in the ordinary course and free and clear of any interest of an entity other than the estate if "such interest is in bona fide dispute." A "bona fide dispute" exists under § 363(f)(4) when there is an objective basis for either factual or legal dispute as to the validity of an interest in property. *In re Gaylord Grain, L.L.C.*, 306 B.R. 624 627-28 (B.A.P. 8th Cir. 2004). The Trustee has shown an objective basis for contesting the validity and of Countrywide's claimed lien on the parcel he proposes to sell in that there is no legal description to identify the parcel in Countrywide's mortgage. As demonstrated by the advocacy at the hearing, the legal implication of that fact is anything but clear under Ohio law, and the validity, priority and extent of a lien must be determined through an adversary proceeding. Fed. R. Bankr. P. 7001. The case law construing § 363(f)(4) is uniform in holding that this standard does not require the court to resolve the dispute, just to determine its existence. *E.g., id.* Moreover, where the interest in issue is a lien, the propriety of the lien does not have to be the subject of an immediate or concurrent adversary proceeding to be subject to a bona fide dispute. *Id.* at 628. ("Thus, although the trustee did not file an adversary proceeding seeking to avoid the liens in question, he may nevertheless sell free and clear of the bank's liens if he can show, pursuant to 11 U.S.C. § 544, an objective basis for avoiding the liens, and thus establish a bona fide dispute for purposes of 11 U.S.C. § 363(f)(4)."). This is a critical procedural point in this case, as the property has been vacant since August 2006 and required considerable preservation work by the Trustee to preserve and protect it through the winter and pending sale. The very purpose of § 363(f)(4) is to allow the sale of property of the estate free and clear of disputed interests so the liquidation of the assets is not unnecessarily delayed while the disputes are being litigated. *Moldo v. Clark (In re Clark)*, 266 B.R. 162, 171 (B.A.P. 9th Cir. 2001). Time is now of the essence with respect to this property. The court finds that Countrywide's interest in the parcel the Trustee proposes to sell is subject to bona fide dispute within the meaning of § 363(f)(4). [1]

---

[1]The court notes that this dispute has long been known to Countrywide, as the issue of the validity of the mortgage was raised was raised by the Trustee in opposition to a motion

2

As to the factual question regarding the proposed sale price, the court finds that Wayne Wilson's testimony at the hearing was both credible and persuasive. For the reasons otherwise stated on the record by the court at the hearing, the court finds that the proposed sale price is reasonable under the circumstances.

The Trustee's motion does not propose that Countrywide's disputed interest in the property be transferred to the proceeds of sale. The court finds, however, that because the interest is in bona fide dispute and because the validity of the claimed mortgage will have to be determined through an adversary proceeding, Countrywide is entitled to a replacement lien in the net proceeds of sale under 11 U.S.C. § 363(e). *See Gaylord Grain*, 306 B.R. at 629.

The court will enter a separate order in accordance with this memorandum of decision.

---

for relief from stay filed by countrywide on May 24, 2006. [*See* Doc. # 13]. After the parties agreed to hold the motion in abeyance while these problems were investigated [Doc. #23], the court denied the motion on October 20, 2006 [Doc. #36], when the parties could not come to any agreement as to how the property would be handled.